THE KANTOR GULLO LAW

348 Harris Hill Road, Suite A
Williamsville, New York 1422

(716) 626-0404
www.kantorgullolaw.com

The Court understands from Defendant's letter at Dkt. No. 26 that Parties have agreed on a date for the inspection, contingent on Alstom's availability.

As such, the request for a conference is **DENIED** as moot.

**SO ORDERED.**

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge
November 19, 2026

November 17, 2026

*Via ECF – Electronic Case Filing*
Magistrate Judge Jennifer E. Willis
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Michael Ashback v. Metro-North Commuter Railroad, et al.*
*Civil Action No.: 26-cv-03782 (VSB)*
*Request for Pre-Motion Conference*

Dear Magistrate Willis:

I am writing on behalf of Plaintiff, Michael Ashback to request a Pre-Motion Conference prior to filing a Motion to Compel an Inspection, Measurement, Sampling and Operation of the Metro-North Commuter Railroad engine and car involved in Mr. Ashback's accident of January 24, 2025.

The Plaintiff has alleged that the aforementioned equipment failed to operate properly and function as designed. Under FRCP 34, the Plaintiff has requested to view and have Metro-North operate the engine's circuit breakers that are required for zero speed functioning which effects the operation of the rail car doors while the train is moving.

The Plaintiff has proposed ten potential dates between November 20, 2026 and January 22, 2027 for the aforementioned inspection.

Metro-North Commuter Railroad has responded stating that "winter conditions and limitations as to the number of cars that can be available during the wintertime will burden the Defendant preventing the inspection going forward in December or January. Defendant will be able to go forward with the inspection sometime in early Spring."

Metro-North's position that the inspection cannot take place until the "Spring" would put the inspection after the current court ordered discovery cut-off of March 23, 2027. Additionally, in order to conduct the depositions of Defendant, Alstom's representatives, information gathered through the FRCP 34 inspection is necessary.

The parties conferred in good faith by telephone on November 17, 2026 and have been unable to resolve the dispute. Therefore, we would request a Pre-Motion conference be scheduled at the Court's convenience.

I appreciate whatever consideration the Court will afford this matter. If you have any questions, please do not hesitate to contact me.

Very truly yours,

The Kantor Gullo Law Firm

Steven L. Kantor

SLK:dc

*cc:* *Alan Muraidekh, Esq. (amuraidekh@mnr.org)*
*Suma Thomas, Esq. (suma.thomas@wilsonelser.com)*
*Carmine Carolei, Esq. (carmine@rutbergbreslow.com)*
*Larry Breslow, Esq. (larry@rutbergbreslow.com)*